DETROIT EGG BISCUIT & SPECIALTY CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 10563.   Promulgated January 17, 1928.

*J. H. Amick, C. P. A.*, for the petitioner.
*D. D. Shepard, Esq.*, for the respondent.

1366

OPINION.

MARQUETTE: The petitioner claims (1) that the Goodyear transaction was an exchange of property, not a sale, and that there was no taxable gain; (2) that if the transaction is held to be a sale, then the March 1, 1913, value of the property should be considered as greatly in excess of its cost, and that this increased value should be the basis of computing the taxable gain, and (3) that the annual depreciation rate on the building should be 2 per cent.

The facts do not sustain the petitioner in its contention that it exchanged property with the Goodyear Company. The latter contracted to buy the petitioner's property and made the cash payments called for by the contract. The petitioner purchased a new factory site and erected thereon a new factory building at a total expenditure of about 61 per cent of the price paid by Goodyear to the petitioner for its property. In our opinion the transaction was a sale, not an exchange, and the respondent was right in so treating it.

We think, however, that the respondent erred in his determination of the March 1, 1913, value of the petitioner's property. The evidence adduced shows that the property originally cost about $14,100; that it was well kept up, in good repair; that it was located on one of the principal thoroughfares of the City of Detroit; that from 1906 to 1913 the city's population increased between 50 and 75 per cent; that during those years the streets bounding the petitioner's property had been paved, and railroad grade crossings in the vicinity of the property had been eliminated, and that other factories had been built in that section of the city. There is evidence, also, as to the fair market value of the land as of March 1, 1913. Considering all of these elements we can not agree with the respondent that petitioner's property did not increase in value between 1906 and March 1, 1913. We think it did so increase and that its fair market value on the latter date was $25,000.

The respondent has computed depreciation from March 1, 1913, until the property was transferred in 1920, at the rate of 3 per cent per annum. The petitioner contends that 2 per cent is the proper rate. The evidence does not sustain this contention. Petitioner claimed, and was allowed, 3 per cent annual depreciation for income-tax purposes before the property was sold, and the evidence offered to show that the depreciation was less than 3 per cent was not, in our opinion, sufficient to establish that as a fact. The rate of 3 per cent, therefore, must stand as a reasonable allowance for exhaustion, wear and tear.

*Judgment will be entered on 15 days' notice, under Rule 50.*